IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL NUTRITION INVESTMENT COMPANY, and GNC HOLDINGS, INC., | ) ) ) |
| Plaintiffs, | ) Civil No. 20-691 |
| v. | ) |
| LAUREL SEASON, INC., and WURTZHEALTH, | ) ) |
| Defendants. | ) |

## OPINION

Pending before the court is a motion by plaintiffs ("GNC") for default judgment and entry of injunctive relief (ECF No. 8). The court conducted a hearing on July 28, 2020, at which defendants did not appear.

The court must ensure that it may exercise personal jurisdiction over the defendants before entering default judgment. Personal jurisdiction, in turn, requires proper service of process. As explained in *Lampe v. Xouth, Inc.*, 952 F.2d 697 (3d Cir. 1991):

> It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment. *Insurance Corporation of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case. *Arrowsmith v. United Press International*, 320 F.2d 219, 221 (2d Cir.1963); *Royal Lace Paper Works v. Pest–Guard Products*, 240 F.2d 814, 816 (5th Cir.1957); *Hemmerich Industries, Inc. v. Moss Brown & Co., Inc.*, 114 F.R.D. 31, 32 (E.D.Pa.1987). Indeed, if the defendant was not properly made a party to the action by effective service, he would not be bound by any judgment rendered. *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S.Ct. 115, 117, 85 L.Ed. 22 (1940).

*Id.* at 700–01.

In this case, GNC represented that it made proper service on defendant Laurel

Seasons, Inc. ("Laurel Seasons") by sending a copy of the complaint and summons via United States Postal Service ("USPS") certified mail to the address of Laurel Seasons' registered agent (ECF No. 5). GNC enclosed a copy of the USPS tracking information which reflects that the package was delivered and left with an individual at that address on May 15, 2020 (ECF No. 5-1). There is no record of any signature from the recipient.

GNC contends that "[t]his method of service was permitted by Pa. R. Civ. P. 403 and 404(2), as incorporated by Federal Rule of Civil Procedure 4(e) (ECF No. 9 at 3). That is not necessarily correct. As explained in *Lampe* (involving similar service by mail), "Pennsylvania Rule 403 requires, however, a receipt signed by the defendant or his authorized agent." *Id*. at 701.

Although the return of service filed by GNC (ECF No. 5) reflects that the complaint and summons were delivered to an individual at the address of Laurel Seasons' registered agent, there is no evidence in the record of a signature. Accordingly, as in *Lampe*, the record in this case, to date, fails to establish proper service. *Id*. at 701.

Conclusion

In accordance with the accompanying memorandum opinion, the motion for default judgment and injunctive relief filed by plaintiffs (ECF No. 8) will be DENIED without prejudice. GNC shall provide proof of proper service on Laurel Seasons on or before August 14, 2020. An appropriate order will be entered.

July 30, 2020         BY THE COURT:

                      /s/ Joy Flowers Conti
                      Joy Flowers Conti
                      Senior United States District Judge